UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHANDRALL ALLEN

VERSUS                                    CIVIL ACTION

JO ANNE B. BARNHART,                      NUMBER 06-338-JVP-SCR
COMMISSIONER OF SOCIAL SECURITY

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 11, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHANDRALL ALLEN

VERSUS                          CIVIL ACTION

JO ANNE B. BARNHART,            NUMBER 06-338-JVP-SCR
COMMISSIONER OF SOCIAL SECURITY


**MAGISTRATE JUDGE'S REPORT**

Plaintiff Shandrall Allen brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of a final decision of Jo Anne B. Barnhart,[1] the Commissioner of Social Security (Commissioner) denying her claim for children's supplemental security income (SSI) benefits.  Before the court is the plaintiff's petition for judicial review and appeal of the final administrative decision of the Commissioner.

Plaintiff filed an application for children's SSI benefits in October 2002, alleging disability due to behavior and learning problems.  AR pp. 80-90.  Her application was denied and the plaintiff requested a hearing before an administrative law judge (ALJ). AR pp. 37-43.  A hearing was held before the ALJ on January 6, 2005 and the ALJ issued a decision denying benefits on May 25, 2005.  AR pp. 29-36, 167-206.  The ALJ found at the second step that the plaintiff's combination of impairments - separation

---

[1] The application for benefits was actually made by the plaintiff's mother, Lorraine Evans.

attachment disorder, attention deficit hyperactivity disorder (ADHD) and opposition defiant disorder - were severe.  However, he determined at the third and final step that the impairments did not meet any of the listed impairments found in 20 C.F.R. Ch. III, Pt. 404, Subpt. P, Appendix 1, Part B, nor did they medically or functionally equal any listed impairment.  AR pp. 35-36.  The Appeals Council denied the plaintiff's request for review on March 10, 2006 and the decision of the ALJ became the final decision of the Commissioner.  AR pp. 3-5.

## Standard of Review and Applicable Law

The court's review of the Commissioner's final decision is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied.  *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the

2

decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001);
*Harris*, *supra*.  In applying the substantial evidence standard the
court must review the entire record as whole, but may not reweigh
the evidence, try the issues de novo, or substitute its judgment
for that of the Commissioner, even if the evidence weighs against
the Commissioner's decision.  *Newton v. Apfel*, 209 F.3d 448, 452
(5th Cir. 2000).[2]    Conflicts  in  the  evidence  are  for  the
Commissioner and not the court to resolve.  *Masterson v. Barnhart*,
309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards
or provide a reviewing court with a sufficient basis to determine
that the correct legal principles were followed, it is grounds for
reversal.  *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981);
*Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

Effective August 22, 1996, the Personal Responsibility and
Work Opportunity Reconciliation Act of 1996 changed the law for
determining  disability  in  childhood  disability  SSI  cases.[3]
Essentially, the changes eliminated the fourth step which required

---

[2] On judicial review under § 405(g), evidence external to the
record is generally inadmissible, and the court cannot consider any
evidence that is not already a part of the administrative record.
*Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v.
Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

[3] This is the law and regulations governing the plaintiff's
claim for benefits.  The plaintiff's date of birth is August 13,
1992.  At the time of the ALJ's decision the plaintiff was 12 years
of age.  AR p. 80.

the Commissioner to complete an individualized functional assessment to determine whether a child's impairments were comparable in severity to those which would disable an adult.[4]

Under the applicable statute and regulations, an individual under the age of 18 is considered disabled if that individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); *Harris*, 209 F.3d at 418. A three step sequential analysis is used to evaluate claims for children's SSI benefits. These steps are: (1) Is the claimant engaged in substantial gainful activity? (2) Does the claimant have a severe impairment or combination of impairments? (3) Does the claimant's impairment meet, medically equal, or functionally equal in severity a listed impairment in Appendix 1? 20 C.F.R. § 416.924(a)-(d).

At the third step, if a claimant's impairments do not meet or medically equal any listing, a determination is made as to whether the impairments result in limitations that functionally equal a listing. 20 C.F.R. § 416.926a(a). Functional equivalency requires

---

[4] The elimination of the fourth step effectively returns the process for evaluating disability in children to that used prior to 1990 when the Supreme Court decided *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885 (1990). *Harris*, 209 F.3d at 417-18.

consideration of how the claimant functions in terms of six domains, which are broad areas of functioning intended to capture all of what a child can or cannot do. The six domains are: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A claimant's impairments functionally equal the listings if they are of listing-level severity. Impairments are of listing-level severity if the claimant has marked limitations in two domains, or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d).

Limitation in a domain is "marked" when impairments interfere seriously with the claimant's ability to independently initiate, sustain, or complete activities. Daily functioning may be seriously limited when impairments limit only one activity or when the interactive and cumulative effects of impairments limit several activities. Marked limitation is more than moderate, but less than extreme. Extreme limitations in a domain occur when a claimant's impairments interfere very seriously with the ability to independently initiate, sustain or complete activities. An extreme limitation means more than marked, and is also the rating given to the worst limitations. However, it does not necessarily mean a total lack or loss of ability to function. 20 C.F.R. § 416.926a(e)(2)(i) and 3(i).

## Analysis

Plaintiff argued that the ALJ erred in his finding that her impairments neither meet, medically equal or functionally equal listed impairments 112.02, 112.04 and 112.11.[5]  20 C.F.R. Pt. 404, Subpart P, Appendix 1, Part B.  Plaintiff also argued that the ALJ failed to properly weigh her mother's testimony, school records and the evaluation conducted by rehabilitation services.[6]

Review of the administrative record as a whole establishes that the plaintiff's claims of error are without merit, and that the final decision of the Commissioner is supported by substantial evidence.

At the third step of the SSI disability analysis for children, the inquiry is whether the claimant's impairments meet, medically equal, or functionally equal in severity a listed impairment.  Plaintiff contended that the ALJ should have found that she was disabled because the medical and school records contained findings equivalent in severity to criteria in the listings.  However, the plaintiff's argument is unsupported. Listed impairments are descriptions of various physical and mental

---

[5] Listing 112.00 covers listed impairments that fall in the category of mental disorders.  Listing 112.02 gives the criteria for organic mental disorders; Listing 112.04 covers mood disorders; Listing 112.11 covers attention deficit hyperactivity disorder.

[6] Plaintiff did not contest the ALJ's findings at step one (is claimant engaged in substantial gainful activity), or step two (does claimant have a severe impairment or combination of impairments).

illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that her impairment satisfies a listing she must demonstrate that it meets all of the criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, *supra*; 20 C.F.R. § 416.925. Similarly, for a claimant to show that her impairments are medically equivalent to a listed impairment, she must present medical findings that are at least equal in severity and duration to the listed findings by comparing the information contained in the medical records with the corresponding medical criteria shown for a listed impairment. 20 C.F.R. § 416.926(a).

Plaintiff identified several mental disorder listings under which she contends she is disabled, but failed to point out the particular medical or other evidence that she believes demonstrates that all of the criteria are satisfied. Plaintiff's general assertions that she meets the listings are clearly inadequate to demonstrate that the ALJ was incorrect when he found that the plaintiff's combination of severe impairments did not meet or medically equal the severity of a listed impairment. In addition, the medical expert who testified at the administrative hearing stated that the plaintiff's impairments did not meet or equal any listing. AR p. 204. Thus, the ALJ did not err in this portion of

7

his analysis at step three.

If a claimant's impairments do not meet or medically equal a listing, a determination is made as to whether the impairments result in limitations that functionally equal a listing based on the six relevant domains set forth in the regulations.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).

After a review of all the evidence, the ALJ concluded that the plaintiff was limited in only two domains of functioning - attending and completing tasks and interacting and relating with others - and had no limitations in the remaining four domains. Substantial evidence in the record as a whole supports the ALJ's findings with regard to the plaintiff's degree of limitation in the six domains that are evaluated to determine functional equivalency.

The first domain that the ALJ found that the plaintiff had limitations was attending and completing taskds.  Given the plaintiffs combination of impairments, in particular the diagnosis of ADHD, the ALJ recognized that the plaintiff had difficulties in the area of attending and completing tasks, but he found that the degree of limitation was less than marked.  AR p. 33.  This conclusion is supported by substantial evidence.  At the end of 2002, the plaintiff's fourth grade teacher reported that the plaintiff needed a slight degree more attention than some other students, but not to a marked degree.  AR p. 117, 122.  In a psychological evaluation done in January 2003, Bryan J. Gros

8

reported that the plaintiff was achieving good grades in all of her subjects in a regular classroom setting, and was only receiving help for math.[7]   AR p. 149.   Plaintiff did not exhibit any attention or memory problems.   Gros stated that the plaintiff was cooperative and responded well to instructions, but in the absence of a task was somewhat active in exploring and playing.   The results of intelligence tests administered during the evaluation showed that the plaintiff's overall cognitive abilities were in the below average range of functioning.   AR p. 150.

The record also reflects that the plaintiff was reevaluated for special education services on February 26, 2004.   The report stated that the plaintiff was making satisfactory progress toward her educational goals and objectives.   It was noted that the plaintiff's behavior was sometimes inappropriate, but was not interfering with her academic progress.   As a result of the evaluation it was recommended that the plaintiff receive instruction in regular classes, but have 30 minutes a day of special instruction in math.   In the regular classroom the plaintiff needed some accommodations - materials to be read aloud, extended time to complete assignments and tests, small group/individualized instruction and preferential seating.   AR pp.

---

[7] Plaintiff was not on any medication at the time of the evaluation, or at the time of her reevaluation for special education services in February 2004.   AR pp. 126, 149.

126-34.[8]

Upon entering and attending sixth grade at a middle school, the plaintiff was disciplined for disruptive talking, defiance and disrespect and was having trouble focusing on her school work.  AR pp. 164-65.  However, at the administrative hearing both the plaintiff and her mother testified that with medication and rehabilitation services, the plaintiff's behavior and grades improved.  AR pp. 176-78, 191-94.  All of these educational and psychological reports, as well as the hearing testimony, provide ample evidence to support the finding that the plaintiff has limitations that are less than marked in the domain of attending and completing tasks.

Similarly, substantial evidence supports the ALJ's finding that the plaintiff has marked limitations in the domain of interacting and relating with others.  This domain generally relates to how well a child initiates and sustains emotional connections with other, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others.  20 C.F.R. § 416.926a(i).  Plaintiff was placed in protective services at a very young age and was not returned to her home until December 2001.  Plaintiff's behavior at home with her mother and sister reflected serious difficulties in

---

[8] This evaluation is consistent with the report of pupil appraisal services done in March 2001.  AR pp. 156-61.

the plaintiff's ability to interact and relate with these family members.  The evidence of record also showed that in fourth and fifth grade the plaintiff had some problems with playing and cooperating with other children and making friends.  In middle school the plaintiff engaged in disruptive and defiant conduct that resulted in some disciplinary actions in the fall of 2004.  As a result the plaintiff started receiving rehabilitation services and began taking medication.  Plaintiff's behavior, interaction and relationships with her family, teachers and peers improved with the plaintiff's medication compliance and receipt of rehabilitation services.  Plaintiff and her mother testified to this improvement at the administrative hearing.[9]

Thus, the evidence supports the finding that the plaintiff has limitations that interfere seriously with her ability to interact and relate to others, but they are not extreme.[10]

There is simply no evidence that the plaintiff experiences any marked or extreme limitations in the domains of acquiring and using information, moving about and manipulating objects, caring for herself, or health and physical well-being.  The evidence in fact shows that the plaintiff has very little or no limitations in these

_____

[9] AR pp. 93, 118, 126, 131, 136-42, 149, 151, 162-66, 176-79, 183-84, 186-94, 197, 202-04.

[10] A marked limitation is more than moderate, but less than extreme.  20 C.F.R. § 416.926a(e)(2)(i).

fours areas.  All of the reports and testimony demonstrate that the plaintiff is physically active, and is able to move about and take care of her personal needs without any restrictions.  The record also shows that the plaintiff is not receiving medical treatment for any physical problems, and does not have significant or excessive absences from school due to illness.  Any learning difficulties the plaintiff experienced are being addressed satisfactorily through a few modifications in the regular classroom and 30 minutes a day of special help in math.[11]

Because the plaintiff's impairments do not cause marked limitations in two domains, or an extreme limitation in one domain, they are not of listing-level severity.  Therefore, the plaintiff cannot satisfy the standard for children's SSI disability at the third step.  Her combination of impairments do not meet, medically equal or functionally equal any listed impairment found in 20 C.F.R. Pt. 404, Subpart P, Appendix 1, Part B.

Since the final decision denying the plaintiff benefits is supported by substantial evidence and the errors alleged by the plaintiff are without merit, the decision of the Commissioner should be affirmed.

---

[11] *See*, for example, AR pp. 102-09, 116, 119-21, 149, 163, 181-83.

**<u>Recommendation</u>**

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security Jo Anne B. Barnhart denying the application of Shandrall Allen for supplemental security income (SSI) benefits be affirmed and this action dismissed.

Baton Rouge, Louisiana, April 11, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

13